IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No. 07-cv-02722-WDM-CBS

JAMES HILL, *et al.*,

    Plaintiffs,

v.

DONALD POPE, *et al.*,

    Defendants.

and

Civil Action No. 08-cv-00417-WYD-MJW

JAMES HILL, *et al.*,

    Plaintiffs,

v.

AMERICA'S WHOLESALE LENDER, INC., *et al.*,

    Defendants.

## ORDER TO CONSOLIDATE

Miller, J.

    This matter is before me on Plaintiffs' Motion to Consolidate Actions (Docket No. 150 in Civil Action No. 07-cv-02722-WDM-CBS). The motion indicates that some of the defendants opposed the motion, however, no defendant filed a response to the Motion to Consolidate.

PDF Final

Pursuant to Fed. R. Civ. P. 42(a), "[i]f actions before the court involve a common question of law or fact, the court may . . . (2) consolidate the actions." The decision whether to consolidate actions is within the discretion of the trial court. *See Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978); *Gillette Motor Transp., Inc. v. N. Okla. Butane Co.*, 179 F.2d 711, 712 (10th Cir. 1950). . "'[C]onsolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another.'" *United States v. Tippett*, 975 F.2d 713, 716 (10th Cir. 1992) (citing *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496-97 (1933)).

In this case, Plaintiffs[1] have filed similar actions against two different sets of defendants. Both actions are based on the same allegedly fraudulent real estate transactions and misrepresentations related thereto. In the case before me, 07-cv-02722-WDM-CBS, the named defendants are the original tortfeasors, the closing agents for the real estate transactions, and the originating lenders for the real estate transactions. In the second cause of action pending before Judge Wiley Y. Daniel, 08-cv-00417-WYD-MJW, the named defendants are the lenders to whom the real estate loans were assigned. The same underlying real estate fraud forms the basis for both actions. Furthermore, the basis for many of the claims for relief against the assignee lenders in 08-cv-00417-WYD-MJW is that they are jointly or derivatively liable for all claims that could be asserted against the originating lenders, who are defendants in the case before me, 07-cv-02722-WDM-CBS. Based on the foregoing, I conclude that the

---

[1] The plaintiffs are identical in each action.

amended complaints in both cases present common issues of both law and fact. Therefore, being presented with no argument as to why consolidation is not appropriate in this case, I conclude that consolidation is appropriate.

Accordingly, it is ordered:

1. Plaintiffs' Motion to Consolidate Actions (Docket No. 150 in Civil Action No. 07-cv-02722-WDM-CBS) is granted.

2. The actions 07-cv-02722-WDM-CBS and 08-cv-00417-WYD-MJW are consolidated for all purposes into Civil Action No. 07-cv-02722-WDM-CBS and future filings shall bear that singular caption number.

DATED at Denver, Colorado, on July 14, 2008.

BY THE COURT:

s/ Walker D. Miller
United States District Judge