IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Walker D. Miller

Civil Action No. 07-cv-02722-WDM-CBS

JAMES HILL, *et al.*,

    Plaintiffs,

v.

DONALD POPE, *et al.*,

    Defendants.

---

## ORDER ON MOTION FOR VOLUNTARY DISMISSAL

Miller, J.

This matter is before me on Plaintiffs' Motion to Dismiss Without Prejudice Pursuant to Fed. R. Civ. P. 41(a)(2) as to All Defendants (Docket No. 198), filed July 16, 2008. On July 23, 2008, I issued a show cause order directing any Defendant who opposes the motion to show cause why the motion should not be granted (Docket No. 207). Seven defendants filed responses to the show cause order indicating that they either oppose dismissal without prejudice or oppose Plaintiffs' condition that each party pay their own attorney's fees and costs (Docket Nos. 205, 224, 227, 228). After a review of the pleadings and the parties' written arguments, I conclude oral argument is not required. For the reasons that follow, the motion shall be granted in part and denied in part.

### Background

Plaintiffs filed this case in December 2007 bringing various claims based on allegedly fraudulent real estate transactions and misrepresentations related thereto. The named defendants were the original tortfeasors, the closing agents for the real estate transactions, and the originating lenders for the real estate transactions. Plaintiff brought a second similar action in Arapahoe County District Court in January 2008 against the lenders to whom the real estate loans were assigned. The second action was removed to this court on February 28, 2008. On July 14, 2008, I granted Plaintiffs' Motion to Consolidate the two cases. (*See* Docket No. 194.)

On July 16, 2008, Plaintiff filed the instant motion seeking to voluntarily dismiss the complaint against all defendants so that they may file a narrower action in state court. Plaintiffs allege that, at a status conference on July 11, 2008 before Magistrate Judge Shaffer, "the Court suggested that the litigation was simply too vast and cumbersome to proceed in any manageable fashion and that the Court would consider streamlining the case by, *inter alia*, bifurcation of the claims or parties." (Docket No. 198 at 3.) Therefore, Plaintiffs evaluated their claims and determined that it would be best to file a state court action naming fewer defendants and raising only state statutory and common law claims. Plaintiffs indicate that they believe "that it makes more practical sense to immediately dismiss this broader action without prejudice, and proceed solely with the most culpable Defendants with the strongest claims in a state court proceeding." *Id.*

Discussion

1.  <u>Plaintiffs' Motion to Dismiss</u>

"Rule 41(a)(2) requires a court to review a motion by a plaintiff to dismiss a

complaint if the action has proceeded beyond service of an answer or of a motion for summary judgment, and there is not unanimous agreement among all parties supporting the dismissal." *County of Santa Fe, N.M v. Public Serv. Co. of N.M.*, 311 F.3d 1031, 1047 (10th Cir. 2002) (citing Fed. R. Civ. P. 41(a)(2)). "The purpose of the rule is 'primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions.'" *Id.* (quoting *Clark v. Tansy*, 13 F.3d 1407, 1411 (10th Cir. 1993)). The key factor in determining whether dismissal is appropriate is prejudice to the opposing party. *Id.* "Absent 'legal prejudice' to the defendant, the district court normally should grant such a dismissal." *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997). In determining whether the opposing parties would suffer prejudice, the court should consider "the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of litigation." *Id.* (citing *Phillips U.S.A., Inc. v. Allflex U.S.A., Inc.*, 77 F.3d 354, 358 (10th Cir. 1996)). Furthermore, the court should also consider "factors that are 'unique to the context of the case [and] . . . should endeavor to insure substantial justice is accorded to both parties,' and therefore . . . 'consider the equities not only facing the defendant, but also those facing the plaintiff.'" *County of Santa Fe*, 311 F.3d at 1048.

In this case, Plaintiffs argue that all four factors weigh in favor of granting the motion to dismiss. First, Plaintiffs argue that very little effort or expense has been spent preparing this case for trial as no discovery has been conducted, no Rule 26(a)

documents exchanged, no Scheduling Order entered, and only four[1] answers have been filed.  Plaintiffs further argue that any effort and expense spent in preparing for this case will remain useful in the state court action which Plaintiffs intend to file.  Second, Plaintiffs argue that they diligently filed this motion as they filed it within days of the July 11, 2008 status conference before Magistrate Judge Shaffer and before discovery began or Rule 26 disclosures were made.  Third, Plaintiffs argue that they have adequately explained the reason behind their motion including the practical considerations of a smaller and narrower state court action.  Finally, Plaintiffs argue that this litigation is in its infancy and, therefore, no prejudice will result to Defendants by dismissing this case without prejudice.  Indeed, there is no trial date, discovery has not begun, Rule 26(a) disclosures have not been exchanged, and no summary judgment motions have been filed.

Seven defendants, in four responses, responded to the order to show cause objecting to a dismissal without prejudice with each side to pay its own attorney's fees and costs.  Defendant Ron Ackerman, the only objecting Defendant who has filed an answer, argues that either dismissal with prejudice or an award of attorney's fees and costs is appropriate in this case.  Ackerman argues that even though discovery has not commenced and he has not begun preparing for trial, he has expended substantial effort in expense in litigating the case thus far by investigating the claim "with an eye

---

[1] Four answers have been filed to the amended complaint.  (*See* Docket Nos. 92 (Charles S. Riley); 84 (Williams Title Guaranty & Escrow Agency, LTD.); 77 (Ron Ackerman); 76 (Legacy Closing & Escrow, Inc.).)  Two other active defendants, however, filed answers to the original complaint.  (*See* Docket Nos. 44 (Paul Pfeifer); 40 (Act Investments, Inc., etc.).)

toward summary judgment", reviewing the numerous filings in the case, attending status conferences, and generally monitoring the case.  Ackerman also argues that Plaintiffs could have dismissed the case at an earlier time and that Plaintiffs' explanation for the dismissal is insufficient.  Ackerman alleges that Plaintiffs are merely forum shopping.  Defendant Title Company of Denver, Inc. simply requests that I consider dismissal with prejudice or awarding attorney's fees and costs.  Defendants Countrywide Home Loans, Inc.; BNC Mortgage, LLC; Greenpoint Mortgage Funding, Inc.; and Aurora Loan Services, LLC (collectively "Countrywide") do not object to dismissal without prejudice but seek an award of attorney's fees and costs.  Countrywide argues that they have incurred significant costs and fees in defending not only this action but also in defending two related state court actions brought and later dismissed by Plaintiffs by reviewing the pleadings, attending status and scheduling conferences, preparing a motion to dismiss, and preparing a scheduling order.  Countrywide argues that the time spent on this case will not be useful in any subsequent state court action as the state court action will be much narrower and smaller than this action.  Countrywide further argues that they may be entitled to costs and attorney's fees under their contracts with Plaintiffs.  Finally, Defendant Option One Mortgage Corp. ("Option One) objects to each party paying their own attorney's fees and indicates that it intends to seek an adjudication of its right to attorney's fees.  Option One argues that it has incurred substantial expense in preparing its motion to dismiss and investigating the claims and defenses in this action.  However, Option One argues that there is no reason to address the issue of attorney's fees until after a party has moved for an award under the applicable rules.

    a.    *Voluntary Dismissal*

I agree with Plaintiff that dismissal without prejudice is warranted in this case. First, I conclude that there has likely been very little effort and expense spent on preparing this case for trial. I acknowledge Defendants' assertions that they have spent considerable effort and expense on this case; however, I conclude that as the case has not progressed very far, it is unlikely that any Defendant has expended the magnitude of effort or expense that would weigh against a voluntary dismissal. Indeed, I note that discovery has not begun, Rule 26(a) disclosures have not been exchanged, no motions for summary judgment have been filed, no Scheduling Order has been entered, no trial date has been set, and only six answers have been filed[2] (only one of which was filed by a defendant who objects to the voluntary dismissal). Second, although Plaintiffs may not have been highly aggressive in moving the case forward and it has been almost a year since the first action was initiated, I conclude that Plaintiffs have not been inattentive to this case nor caused excessive delay in the litigation as the litigation is complex and the progression of this case has been delayed by both sides. Third, I conclude that Plaintiffs' explanation for the motion to dismiss is sufficient. Faced with the prospect of litigating multiple separate cases, Plaintiffs now seek to trim their original claim and bring a narrower claim based on only state law. As the claim that Plaintiffs seek to bring is based solely on state law and there is not diversity of citizenship in this case, Plaintiffs' action is most appropriately litigated in state court. *See United States v. Botefuhr*, 309 F.3d 1263, 1273 (10th Cir. 2002) ("Generally, when a district court dismisses the federal claims, leaving only supplemented state claims, the most common

---

[2] *See supra* note 1.

response . . . has been to dismiss the state claim or claims without prejudice. Indeed, while we have suggested that it is appropriate, perhaps even advisable, for a district court to retain supplemented state claims after dismissing all federal questions when the parties have already expended a great deal of time and energy on the state law claims, we have held that, absent such a showing, a district court should normally dismiss supplemental state law claims after all federal claims have been dismissed, particularly when the federal claims are dismissed before trial. " (internal citations and quotations omitted)). Finally, as discussed above, the case has admittedly not progressed very far. As all the factors weigh in favor of granting Plaintiffs' motion, I conclude that dismissal without prejudice is appropriate. Therefore, Plaintiffs' motion shall be granted to the extent it seeks dismissal without prejudice.

      b.     *Attorney's Fees and Costs*

With respect to the issue of attorney's fees and costs, I conclude that those Defendants who have objected to Plaintiffs' motion are entitled to their costs. Generally, "costs, other than attorney's fees, should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "[I]n cases not involving a settlement, when a party dismisses an action with or without prejudice, the district court has discretion to award costs to the prevailing party under Rule 54(d)." *Cantrell v. Int'l Bhd. Of Elec. Workers, AFL-CIO, Local 2021*, 69 F.3d 456, 458 (10th Cir. 1995); *accord Aerotech, Inc. v. Estes*, 110 F.3d 1523, 1527 (10th Cir. 1997) (discussing *id.*). This discretion is limited, however, in that Rule 54 creates a presumption that costs will be awarded to a prevailing party and that, if costs are not awarded, the district court "must provide a valid reason" for such deviation from the presumptive award. *Id.* In this case, Plaintiffs present no, and I

conclude that there is no, valid reason for denying an award of costs to Defendants.

Similarly, I conclude that an award of attorney's fees is appropriate in this case. "Typically, 'a court imposes as a term and condition of dismissal [without prejudice] that plaintiff pay the defendant the expenses he has incurred in defending the suit, which usually includes reasonable attorney's fees.'" *United States v. Rockwell Int'l Corp.*, 282 F.3d 787, 810 (10th Cir. 2002) (alteration in original) (quoting *Marlow v. Winston & Strawn*, 19 F.3d 300, 303 (7th Cir.1994)). "When a plaintiff dismisses an action without prejudice, a district court may seek to reimburse the defendant for his attorneys' fees because he faces a risk that the plaintiff will refile the suit and impose duplicative expenses upon him." *Aerotech*, 110 F.3d at 1527. Generally, however, the attorney's fees are limited to those that will not prove useful in subsequent litigation. *See id.*; *Cauley v. Wilson*, 754 F.2d 769, (7th Cir. 1985) ("Thus the fee award should reimburse the defendant for expenses incurred in preparing work product that will not be useful in subsequent litigation of the same claim."). In this case, Plaintiffs have explicitly stated that they intend to pursue this litigation by filing a state court action based on the same offenses as alleged in this case. Therefore, Defendants may incur duplicative attorney's fees and it is appropriate in this case to condition dismissal on Plaintiffs' payment of any attorney's fees and expenses that will be duplicated in any subsequent state court action, subject to Defendants' articulation of their reasonable attorney's fees and approval by this Court. I would note, however, that because this case has not progressed beyond the initial stages and most of the fees incurred will be useful in the subsequent litigation, the attorney's fees incurred by Defendants are likely small.

To ensure that Plaintiffs are only held responsible for attorney's fees and

expenses that are duplicative, it is necessary to know the contours of the forthcoming state court action.  Therefore, I conclude that it is appropriate to reserve ruling on the amount of attorney's fees and expenses until after Plaintiffs have filed their state court action.  The dismissal does not deprive me of jurisdiction over awards of attorney's fees arising out of the dismissed action.  *See Olcott v. Del. Flood Co.*, 76 F.3d 1538, 1553 (10th Cir. 1996).  I note further that because Plaintiffs have indicated an intention to lessen the number of defendants in the case, they should be afforded the opportunity to voluntarily dismiss these defendants with prejudice and, therefore, avoid imposition of attorney's fees.  *See Vanguard Envtl., Inc. v. Kerin*, 528 F.3d 756, 760 (10th Cir. 2008) ("A defendant may not recover attorneys' fees when a plaintiff voluntarily dismisses an action with prejudice, however, absent 'exceptional circumstances.'" (quoting *Aerotech*, 110 F.3d at 1528)).

        c.      *Plaintiffs' Ability to Withdraw Motion for Voluntary Dismissal*

In their motion, Plaintiffs reserved the right to withdraw their motion to voluntarily dismiss should the dismissal be granted with any terms or conditions.  Other circuits have determined that a plaintiff should be given the option to "withdraw their motion to dismiss rather than accept the conditions" placed on the dismissal by the court.  *Elbaor v. Tripath Imaginig, Inc.*, 279 F.3d 314, 320 (5th Cir. 2002) (citing *Mortgage Guar. Ins. Corp. v. The Richard Carlyon Co.*, 904 F.2d 298, 301 (5th Cir. 1990)); *accord Lau v. Glendora unified Sch. Dist.*, 792 F.2d 929, 930 (9th Cir. 1986) (holding that a "plaintiff [has] the option to refuse the voluntary dismissal if the conditions imposed are too onerous"); *Taragan v. Eli Lilly & Co.*, 838 F.2d 1337, 1340 (D.C. Cir. 1988) ("Once the amount of the [attorneys'] fee is set (if it is set at all), appellee will be free to accept the

condition or, in the alternative, to reject it and proceed with the case in this jurisdiction." (citing *GAF Corp. v. Transamerica Ins. Co.*, 665 F.2d 364, 367–68 (D.C. Cir. 1981)); *GAF Corp.*, 665 F.2d at 367–68 ("[A] plaintiff has the choice between accepting the conditions and obtaining dismissal and, if he feels that the conditions are too burdensome, withdrawing his dismissal motion and proceeding with the case on the merits."); *see also United States v. 266 Tonawanda Trail*, 95 F.3d 422, 425–26 (6th Cir. 1996) (holding that to dismiss an action with prejudice when the plaintiff has moved to dismiss without prejudice the court must give the plaintiff notice, allow the plaintiff an opportunity to respond, and provide the plaintiff with "an opportunity to withdraw the request for voluntary dismissal and proceed with the litigation"); *Marlow v. Winston & Strawn*, 19 F.3d 300, 305 (7th Cir. 1994) ("[A]ccording to the 'terms and conditions' clause of Rule 41(a)(2), a plaintiff who moves for dismissal without prejudice under Rule 41(a)(2) must be given a reasonable opportunity to withdraw his motion in the event the district court grants the motion but only with prejudice."); *Andes v. Versant Corp.*, 788 F.2d 1033, 1035 (4th Cir. 1986) ("It upsets notions of fundamental fairness for a court, in response to a party's request for dismissal without prejudice, to grant the request by dismissing *with* prejudice, while failing to give the moving party notice of its inclination to impose th is extreme remedy. The plaintiff here deserved such notice and an opportunity to proceed with the litigation of this case. At the very least, plaintiff deserved an opportunity to respond to defendants' request for dismissal with prejudice." (emphasis in original)).

Although the Tenth Circuit has not expressly determined that a plaintiff must be given an opportunity to withdraw a motion for voluntary dismissal if the court imposes

conditions on the dismissal, it has indicated its agreement with the framework articulated by other circuits regarding a court dismissing a complaint with prejudice after the plaintiff has moved to dismiss without prejudice. *See Rockwell Int'l*, 282 F.3d 787, 810 (10th Cir. 2002) ("We are impressed by these factors and opinions, with which we do not disagree." (citing *266 Tonawanda Trail*, 95 F.3d at 425-26)). Furthermore, other circuits have determined that a plaintiff should be afforded the opportunity to continue with the litigation rather than accept the dismissal with conditions. *See Elbaor*, 279 F.3d at 320 (citing *Mortgage Guar. Ins. Corp.*, 904 F.2d at 301); *Lau*, 792 F.2d at 930; *Taragan*, 838 F.2d at 1340 (citing *GAF Corp.*, 665 F.2d at 367–68). Finally, I note that Plaintiffs expressly indicated their desire to only dismiss the case without prejudice and with each party to pay its own attorney's fees and costs. Therefore, given that I determined that Defendants are entitled to reasonable attorney's fees and costs, I conclude that Plaintiffs should be provided with the opportunity to withdraw their motion for voluntary dismissal and continue with the litigation if they deem the conditions too onerous.

2. <u>Bankruptcy</u>

Additionally, I must address Defendant BNC Mortgage LLC's ("BNC") notice of bankruptcy proceedings (Docket No. 245). BNC commenced a Chapter 11 bankruptcy case on January 9, 2009. Therefore, pursuant to 11 U.S.C. § 362(a), any commencement or continuation of this action is automatically stayed as to BNC. *See Fortier v. Dona Anna Plaza Partners*, 747 F.2d 1324, 1329–30 (10th Cir. 1984).

Accordingly, it is ordered:

1. The action is stayed with respect to Defendant BNC Mortgage, LLC pursuant to

11 U.S.C. § 362 pending the outcome of the bankruptcy proceedings or voluntary dismissal with prejudice by Plaintiffs of the claims against Defendant BNC.

2. Plaintiffs' Motion to Dismiss Without Prejudice Pursuant to Fed. R. Civ. P. 41(a)(2) as to All Defendants (Docket No. 198), filed July 16, 2008, is granted in part and denied in part.

3. Plaintiffs shall have until February 20, 2009 to withdraw their motion to voluntarily dismiss should they find the conditions of this Order too onerous. If Plaintiffs do not file a withdrawal by February 20, 2009, the case shall be dismissed without prejudice as to all defendants, with the exception of Defendant BNC, under the conditions articulated in this Order.

4. Provided Plaintiffs do not withdraw their motion to voluntarily dismiss, Defendants Ackerman; Title Company of Denver, Inc.; Countrywide Home Loans, Inc.; Greenpoint Mortgage Funding, Inc.; and Aurora Loan Services, LLC; and Option One Mortgage Corp. may have their costs and reasonable attorney's fees. Upon the filing of the allegedly forthcoming state court action, these defendants shall file an affidavit which complies with D.C.COLO.LCivR 54.1 and Section 7 of my Pretrial and Trial Procedures. Plaintiff shall have two weeks thereafter to respond.

DATED at Denver, Colorado, on February 9, 2009.

BY THE COURT:

s/ Walker D. Miller
United States Senior District Judge