IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Walker D. Miller

Civil Action No. 07-cv-02722-WDM-CBS

JAMES HILL, *et al.*,

    Plaintiffs,

v.

DONALD POPE, *et al.*,

    Defendants.

---

## ORDER OF DISMISSAL

Miller, J.

On July 16, 2008 Plaintiff filed a Motion to Dismiss Without Prejudice Pursuant to Fed. R. Civ. P. 41(a)(2) as to All Defendants (Docket No. 198). On July 23, 2008, I issued a show cause order directing any Defendant who opposes the motion to show cause why the motion should not be granted (Docket No. 207). Seven defendants filed responses to the show cause order indicating that they either oppose dismissal without prejudice or oppose Plaintiffs' condition that each party pay their own attorney's fees and costs (Docket Nos. 205, 224, 227, 228).

After considering Plaintiffs' motion and Defendants' objections, on February 9, 2008, I granted in part and denied in part Plaintiff's motion. (*See* Docket No. 248.) I concluded that dismissal without prejudice was warranted under the circumstances of the case as Defendants would not suffer legal prejudice. *See Ohlander v. Larson*,

114 F.3d 1531, 1537 (10th Cir. 1997) ("Absent 'legal prejudice' to the defendant, the district court normally should grant such a dismissal."). In so concluding I considered "the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of litigation", *id.* (citing *Phillips U.S.A., Inc. v. Allflex U.S.A., Inc.*, 77 F.3d 354, 358 (10th Cir. 1996)), the "factors that are 'unique to the context of the case [and] . . . the equities not only facing the defendant, but also those facing the plaintiff'", *County of Santa Fe, N.M. v. Public Serv. Co. of N.M.*, 311 F.3d 1031, 1048 (10th Cir. 2002).

I also determined that those Defendants who objected to Plaintiffs' motion are entitled to their costs and attorney's fees. With respect to costs, I concluded that there was no valid reason for denying an award of costs to Defendants. *See* Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party.")*; Cantrell v. Int'l Bhd. Of Elec. Workers, AFL-CIO, Local 2021*, 69 F.3d 456, 458 (10th Cir. 1995) (holding that Rule 54 creates a presumption that costs will be awarded to a prevailing party and, if costs are not awarded, the district court "must provide a valid reason" for such deviation from the presumptive award). With respect to attorney's fees, I concluded that an award of any attorney's fees that would be duplicative in any subsequent litigation was appropriate. *See United States v. Rockwell Int'l Corp.*, 282 F.3d 787, 810 (10th Cir. 2002) ("Typically, 'a court imposes as a term and condition of dismissal [without prejudice] that plaintiff pay the

defendant the expenses he has incurred in defending the suit, which usually includes reasonable attorney's fees.'" (alteration in original) (quoting *Marlow v. Winston & Strawn*, 19 F.3d 300, 303 (7th Cir.1994)) ); *Aerotech, Inc. v. Estes*, 110 F.3d 1523, 1527 (10th Cir. 1997) ("When a plaintiff dismisses an action without prejudice, a district court may seek to reimburse the defendant for his attorneys' fees because he faces a risk that the plaintiff will refile the suit and impose duplicative expenses upon him."). However, to ensure that Plaintiffs are only held responsible for attorney's fees and expenses that are duplicative, I reserved ruling on the amount of attorney's fees and expenses until after Plaintiffs have filed their state court action. *See Olcott v. Del. Flood Co.*, 76 F.3d 1538, 1553 (10th Cir. 1996) (holding that dismissal does not deprive a district court of jurisdiction over awards of attorney's fees arising out of the dismissed action).

I concluded, however, that Plaintiffs should be given the opportunity to withdraw their motion to withdraw if they found the terms of the dismissal too onerous. *See, e.g.*, *Elbaor v. Tripath Imaginig, Inc.*, 279 F.3d 314, 320 (5th Cir. 2002) (holding that a plaintiff should be given the option to "withdraw their motion to dismiss rather than accept the conditions" placed on the dismissal by the court) (citing *Mortgage Guar. Ins. Corp. v. The Richard Carlyon Co.*, 904 F.2d 298, 301 (5th Cir. 1990))); *see also Rockwell Int'l*, 282 F.3d at 810 (indicating agreement with other circuits' requirement that a plaintiff be allowed to withdraw a motion for dismissal without prejudice if the court determines dismissal with prejudice is appropriate). I also afforded Plaintiffs the opportunity to voluntarily dismiss any defendant *with*

prejudice and, therefore, avoid imposition of attorney's fees. *See Vanguard Envtl., Inc. v. Kerin*, 528 F.3d 756, 760 (10th Cir. 2008) ("A defendant may not recover attorneys' fees when a plaintiff voluntarily dismisses an action with prejudice, however, absent 'exceptional circumstances.'" (quoting *Aerotech*, 110 F.3d at 1528)). Therefore, Plaintiffs were given until Friday, February 20, 2009 to withdraw their motion to withdraw and indicate which, if any, defendants should be dismissed with prejudice. Plaintiffs did not withdraw their motion to withdraw but did file a notice of voluntary dismissal with prejudice as to Defendant Title Company of Denver, Inc. which resulted in an Order so dismissing that defendant. (*See* Docket Nos. 249, 250.)

Accordingly, it is ordered:

1. The case is dismissed without prejudice as to all remaining defendants, with the exception of Defendant BNC Mortgage, LLC.

2. Upon the filing of the allegedly forthcoming state court action, Defendants Ackerman; Countrywide Home Loans, Inc.; Greenpoint Mortgage Funding, Inc.; Aurora Loan Services, LLC; and Option One Mortgage Corp. may have their costs and reasonable attorney's fees consistent with my orders. In making such claims, these five defendants shall, within twenty days of the filing of the new action, file an affidavit which complies with D.C.COLO.LCivR 54.1, 54.3 and Section 7 of my Pretrial and Trial Procedures. Plaintiff shall have two weeks thereafter to respond.

3. The case remains stayed with respect to Defendant BNC Mortgage, LLC and

is now administratively closed pursuant to D.C.COLO.LCivR 41.2, but may be reopened for good cause on or before February 24, 2010. If no motion to reopen or motion to extend the deadline is filed by that date, the action shall be dismissed without prejudice without further notice to any party.

DATED at Denver, Colorado, on February 24, 2009.

BY THE COURT:

s/ Walker D. Miller
United States Senior District Judge